v. Paz-Giron. Ms. Pollack. May it please the court, Mr. Phillips. Elizabeth Pollack of the Federal Defender's Office on behalf of Mr. Paz. Ruben Paz-Giron has been in custody since October 15th of 2015. On this case it'll be 10 months next week that he has been in prison or jail. He was sentenced to 24 months in this case based on an improperly calculated guidelines range. And the government has contended two things in response to that. The first is that the guideline calculation was correct, which I think is blatantly wrong just from the plain reading of the guideline. And second, even if we are correct that there was an error here, that it wasn't plain enough to warrant a remand. And both of those contentions are wrong in my opinion. And when we're looking at the plain reading of the guideline, the purpose behind the guideline, and behind the statute 1326, the timing is if you are convicted of a felony that is deemed a serious conviction and then you are deported, it is more serious when you come back to the United States as an aggravated felon. That's why the statutory cap for that offense is 20 years as opposed to the two if you have not been previously convicted of a felony and deported. That's why the guideline range is enhanced if you are convicted of a felony and then deported and then you come back because that conduct is more serious. The plain reading of the guideline says that you have to have been convicted and deported and then return in order to receive those enhancements. That is the plain language of the application note in the guidelines commentary and I think that the plain reading is pretty clear. The government does a very pretty dance trying to get around the plain reading of the guideline but the fact of the matter is is that that's exactly what it says. The Supreme Court has said that when a defendant is sentenced to an improperly elevated guidelines range, the defendant has met their burden under Rule 52b to show that a plain error has affected their substantial rights. That is the definition of this case. He was sentenced to 24 months. His range should have been 6 to 12 months. He's been in for 10 and the case should be remanded as quickly as possible so that he can be released or at least for the court to consider the new application. He was sentenced to what? 24 months which was the statutory maximum and his range would have been 24 to 30 months as pointed out in the reply brief. It just doesn't make any logical sense for a guideline range to have every single person who has ever sustained a conviction under that section qualify for those enhancements. It just violates the plain reading of the guideline. We'd ask for a remand. Thank you. Well is the point that this 24 month sentence was not for an aggravated felony? If he qualified, so if he had been convicted, then deported, and then came back, the timing would have been appropriate because the financial identity theft does technically qualify for the 8-level enhancement but the timing is off. He was deported in 2002, came back, and the conviction for the felony was in 2013. So it did not precede the deportation. Therefore, the enhancement should not have applied. Right, but the guideline itself is ambiguous. The commentary clears it up. But they're read together. You know, the commentary is a part of the guideline and it defines... The commentary is an interpretation of the guideline. Right, but it is ambiguous, which it isn't. Right, but you're making the argument that the guideline itself has a plain meaning and I think it's ambiguous. I should clarify, the guideline and the commentary read together is plain. Okay, that's your argument. Yep, that's correct. Got it. I'll reserve the rest of the time for it, but the Court has no other questions. Okay, thank you, Ms. Pong. Mr. Phillips? Good morning, Your Honors. May it please the Court, Sagan Phillips on behalf of the United States. Your Honors, there's no doubt that if we were here on a de novo standard that the government's argument would be materially more difficult, especially in light of the 28J letter we filed in the 2016 proposed amendments and the stated reasons therefore. But under a plain error standard, we don't get there for the three reasons highlighted in the government's brief. And I would like to begin by responding to an argument made in the defendant's reply brief. That is that the historical context of the guideline supports the government's view. That simply isn't so, and in fact it simply isn't so as was recognized by the Fifth Circuit in the Navarro's Bustamante case where in footnote 19, they say the historical context supports the government's view. And the relevant change here is from the 1997 guideline and application note to the 2001 guideline and application note. In 1997, the guideline itself had essentially the definition within it, and the application note used the word the. The Gonzalez case referred to by the defendant wherein this court stated that the purpose of that guideline was to punish that specific behavior related to the 1997 statute. In 2001, the Sensing Commission amended, not only did they remove the actual guideline itself, but then if you look to the application note, it now uses the word a conviction rather than the. And while on its own, usually I wouldn't stand here and say, oh, an indefinite article versus a definite article is that substantial, when that is actually changed from a definite article to an indefinite article, that suggests that there must have been some ill, some reason for such a change. The sentencing guidelines, just like statutes, the words are chosen carefully, and especially when they're changed, that has perhaps. Well, the problem I have with that reading of the guideline text as interpreted by the application note is that the only possible conviction the application note could be referring to is a conviction for an aggravated felony because that's what the guideline pertains to. So your argument suggests, if I'm understanding it correctly, that remaining in the United States following a removal order for any conviction counts, which is not what the guideline is all about. It's about convictions for aggravated felonies. So the guideline in fact accounts for numerous types of felonies, aggravated felonies or any other. Well, the part that's in play here is subsection B, aggravated felony. So that's what we're dealing with. And that's right, but the chain, so in answer to your question, let me give you two hypotheticals. One is the defendant's interpretation, which is that we have an aggravated felony, then a deportation order that, by the way, does not have to have any connection to that aggravated felony, and then subsequent remaining in, in some way. So take that as one hypothetical. And the other hypothetical is somebody who commits lesser crimes, gets convicted of them, is then given a deportation, I'm sorry, then given a deportation order, decides to stay, but remains in anyways, then commits an aggravated felony, and then continues to remain in. Under those two scenarios, those would be two types of criminals that we would think would be treated equally, or at least that the second one is as bad. And the use of the word up-conviction could refer in this case, for example, to the defendant's prior driving on the influence, which he had, I think, four of them, including one that he did, he was sentenced to 360 days. And if we're looking at the reason, why would a sentence, why would the guidelines change from using, I'm sorry, the application change from using the word the, to using a word, the word a, that is possibly an explanation for why it would expand, because going from the the to a is certainly an expansion. And so the reason could be that when, for example, this court said that the purpose was this sort of narrow circumstance that it stated in 1997, that then looking forward to the 2001 amendment, it expanded it. At the same time, I, I think this, those two hypotheticals actually illustrate a problem with one of the other arguments raised by the defendant, which is this question of how long does it take to be remaining in? The defendant gives these, what, what if five minutes? What if they're, what if they're getting their affairs in order before leaving? But the answer to that question doesn't turn at all on the government's interpretation. That, that question still applies if the defendant's interpretation holds true. If the defendant's interpretation is that this unlawfully remain only applies when there is an aggravated felony, followed by a deportation order, which again doesn't need to be connected, and then some sort of remaining in, that question, well, how long is remaining in sufficient, still applies. And, and I think all of this needs to be looked at in the context of the, just the terms, unlawfully remain. As, as Your Honor pointed out, the guideline itself is ambiguous, but I would say it's, it's a little further than that. If, if all that was at play was a guide, was the guideline itself. What is the ambiguity you see? I'm sorry? What is the ambiguity you see? Well, the ambiguity that was highlighted on defendant's argument was in the context of the guideline text itself. Whether or not unlawfully remain would apply to this, but under the plain terms of those words, unlawfully remain, this qualifies. If I told you that somebody, you were on vacation, somebody entered your house and then stayed there, you would say, hey, that person's unlawfully remaining in my house. It wouldn't require the police to come and tell them, hey, I'm actually, you need to... Well, I've lost you. I thought the critical clause, if the defendant remained in the United States following a removal order issued after conviction. So does that which your honor is referring to is that they have a removal order issued after conviction. Certainly we have that. He had convictions and then he had a... And it can be a conviction for anything? Yes, it can be a conviction for anything. So what happens to the aggravated felony? Well, the aggravated felony, which comes after is the, is the reason for this, but so he... I can't follow you. I don't know what you're saying. Yep, so there's... So start from the beginning. So forget about the comment. So what is the, doesn't it say after a conviction for an aggravated felony? Yes, which he did. He unlawfully remained. He was, he committed an aggravated felony, a financial, the fraud conviction. He was released and he stayed in the United States. In fact, he stayed long enough to be picked up later on an aggravated felony. So he satisfies that, that prompt, that he remained in the United States after an aggravated felony. And then the other prong there is that all that happened after a removal order issued after a conviction. That's the other prong. Did he have a removal order issued after a conviction? He did. He had a removal order issued after his various convictions for driving under the influence, in fact, including the one where he served essentially a year. So those, those prongs are... Well, served essentially a year. That's kind of a wiggle room. You're not contending that the drunk driving convictions were aggravated felonies. Most certainly not. Yeah, most certainly not. What our contention is, in fact, if he had committed an aggravated felony back then before... We wouldn't be here, right. Correct. Right. So the aggravated felony that justifies the enhancement, the level enhancement, is the financial identity. Yes. Which happened after that conviction came about, after he re-entered unlawfully. Correct, but before he remained in the United States as that would be commonly understood. But that conflicts with the guidelines application note if we understand the relevant conviction to be a conviction for an aggravated felony. So yes, if the defendant's view is adopted, which is that a conviction must refer, essentially mean the same thing as the conviction, that is the aggravated felony, then certainly that would affect this. But it's also worthwhile to note that that would, that because of that different use, that the error here was not plain. I mean, between... What significance do you attach to the part of the guidelines which says that defendant unlawfully remained in the United States after a conviction for an aggravated felony? Now from the guideline itself that he unlawfully remained in the United States after a conviction for an aggravated felony, and our contention is exactly that. That is what he did. He unlawfully remained here, both because of the simple understanding, the plain terms of the words unlawfully, and I see that amount of times. But he was deported before that, right? Before his conviction, before he committed the aggravated felony. Yes, Your Honor, so the guidelines suggests two different alternatives. One is being deported and one is unlawfully remaining. In this case, our argument is that he unlawfully remained in the United States. But that's a term of art and it's further defined in the commentary, so this case hinges on the commentary. Yes, Your Honor. Thank you. Okay, thank you, Ms. McNeil. Ms. Pollack? The error in this case was plain. If you look at the language of the commentary and the guideline read together, if you look at the purpose behind the statute and the guideline, if you look at all the other appellate cases decided in every circuit including this one, the definition is that you have to be is not what happened in this case. The fact is, is that when you are sentenced to 24 months, when the most that you're supposed to be looking at is 12, that is a plain error that affects the integrity of the system. It keeps a man in prison for a year longer than he is supposed to be. It affects the integrity of everybody involved. And what happened was a mistake. It was a miss by everybody at the district court level, myself included. And Mr. Paz should not be punished for that now. Yeah, I don't think that prejudice is the key here. That's a given. Okay, well, I'm glad that's a given because I think it is pretty clear. A year extra in prison makes a difference. It does. We're talking about whether this is plain enough under the commentary. The language is clear. It's quite clear. And this case should be remanded. Thank you. Okay, thanks very much.